UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SISSY MICHELLE BROWN,

    Plaintiff,

v.                                      CASE No. 8:11-CV-1765-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and the plaintiff has not shown any reversible error, the decision will be affirmed.

I.

The plaintiff, who was thirty-two years old at the time of the administrative hearing and who has an eighth grade education, has worked as

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

a retail store assistant manager, check out supervisor at a warehouse club, and waitress/cook (Tr. 101, 104, 129, 133, 160-65). She filed claims for Social Security disability benefits and supplemental security income payments, alleging she became disabled due to bulging discs and lower back, left arm, and leg problems (Tr. 128). Her claims were denied initially and upon reconsideration.

At her request, the plaintiff then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "neuropathy of left upper and lower extremity, sciatica, sacroiliitis, lumbalgia, and affective disorder" (Tr. 14). He concluded that, with these impairments, the plaintiff has the residual functional capacity to perform sedentary work with the following restrictions (Tr. 16):

> [T]he claimant is precluded from work involving high-production stress, such as assembly lines. She is limited to walking less than 30 minutes at a time and a total of 4 hours in an 8-hour workday. She is able to sit for 6 hours in an 8-hour workday. She is able to frequently climb stairs and ramps, and balance. However, she is able to only occasionally stoop, kneel, and crouch. She is able to perform handling and fingering with the non-dominant hand

> on [a] frequent basis. She is limited to lifting a maximum of one pound with her non-dominant left hand. She must avoid concentrated exposure to fumes, odors, dusts, gases or poor ventilation. Lastly, she must avoid concentrated exposure to dangerous moving machinery.

The law judge decided that these limitations prevented the plaintiff from returning to her past relevant work (Tr. 20). However, based upon the testimony of a vocational expert, the law judge found that there are jobs that exist in significant numbers in the national economy that the plaintiff could perform, such as surveillance system monitor, information clerk, and call-out operator (Tr. 20-21). The law judge therefore ruled that the plaintiff was not disabled (Tr. 21). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A),

1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff attacks the law judge's decision on two grounds (Doc. 21, p. 1). First, the plaintiff contends that the law judge failed to give proper weight to the opinions of the treating and examining physicians. As a second issue, the plaintiff asserts that the law judge erred in dismissing the

plaintiff's subjective complaints of pain and fatigue. Neither of these contentions warrants reversal.

Significantly, although the plaintiff alleges mental impairments and the law judge found that the plaintiff had a severe impairment of affective disorder, the plaintiff does not raise any challenge based on a mental impairment. Especially in light of the scheduling Order (Doc. 16, p. 2), any such challenge is deemed abandoned.

The plaintiff argues first that the law judge improperly dismissed the opinion of John W. Hopkins, D.C., a chiropractor (Doc. 21, pp. 14-17). This argument is without merit.

In 2009, Dr. Hopkins completed three forms: Listing §1.04A - Spinal Nerve Root Compression, Arthritis Residual Functional Capacity Questionnaire, and Lumbar Spine Residual Functional Capacity Questionnaire (Tr. 316-25). In these documents, Dr. Hopkins opined that the plaintiff is incapable of performing even low stress jobs (Tr. 319). He reported that the plaintiff can sit or stand continuously for no more than ten minutes, sit or stand/walk for a total of less than two hours in an eight-hour workday, and lift/carry no more than ten pounds (Tr. 319-20, 323-24). Dr.

Hopkins also stated that the plaintiff should avoid twisting, stooping (bending), crouching/squatting, and climbing ladders; and she can only occasionally climb stairs (Tr. 325). Finally, Dr. Hopkins noted that the plaintiff's "pain or other symptoms" were frequently "severe enough to interfere with [the] attention and concentration needed to perform even simple work tasks" (Tr. 323).

The plaintiff correctly points out that the law judge "mistakenly identifie[d]" Dr. Hopkins as a treating physician, rather than a chiropractor (Doc. 21, p. 15). Thus, in his decision, the law judge stated (Tr. 18):

> [T]he undersigned has considered the opinion of the claimant's treating physician, John Hopkins, M.D., who prepared the lumbar spine residual functional capacity questionnaire on December 21, 2009 at the request of the State Agency. Dr. Hopkins opined that the claimant would rarely be able to lift and carry less than 10 pounds and would be able to stand, walk and sit less than 2 hours in an 8-hour workday. He also identified very restrictive postural and manipulative limitations (Exhibit 17F). The undersigned did not assign controlling weight to Dr. Hopkins' opinion because the undersigned finds that his conclusions are not well supported by objective findings and are inconsistent with other substantial evidence in the record (20 CFR 404.1527(d)(2) and 416.927(d)(2)).

The plaintiff criticizes the law judge's mischaracterization of Dr. Hopkins, and she asserts that the law judge's decision reflects a "poor understanding of the roles of the various medical experts" (Doc. 21, p. 15).[2] As a chiropractor, Dr. Hopkins is not considered an "acceptable medical source." See 20 C.F.R. 404.1513(a), 416.913(a). Accordingly, his opinion may be given less weight than afforded a treating physician. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1160 (11th Cir. 2004). However, the law judge, as indicated, failed to recognize Dr. Hopkins as a chiropractor, and instead considered him a treating physician. This mistake clearly does not warrant reversal; not only was the mistake harmless, but it had the potential to work to the plaintiff's benefit.

The plaintiff argues that, while Dr. Hopkins is not considered an acceptable medical source under the regulations, his opinion should be weighed and given deference (Doc. 21, p. 15). In fact, the law judge weighed Dr. Hopkins's opinions as if he were a treating physician. Thus, as

---

[2]The plaintiff also notes that the law judge misidentified Todd Patterson, a single decision maker, as a physician (Doc. 21, pp. 15-17, n.3). However, the plaintiff does not appear to take issue with this mistake because the law judge assigned little weight to Patterson's opinion (id.).

the Commissioner notes (Doc. 24, p. 8), the law judge evaluated Dr. Hopkins's opinion pursuant to sections 404.1527 and 416.927 of the regulations and Social Security Ruling 06-3p.

Opinions from treating physicians should be given substantial or considerable weight unless there is good cause for not doing so. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

In this case, the law judge articulated good cause for discounting the chiropractor's assessment (Tr. 18). As indicated, the law judge concluded that Dr. Hopkins's opinions are not supported by objective findings and are inconsistent with other evidence in the record.

Moreover, the law judge's decision to discount the opinion of Dr. Hopkins is supported by substantial evidence. In the first place, Dr. Hopkins's assessment is conclusory and extreme. Dr. Hopkins, without providing any meaningful explanation, opined that the plaintiff could only sit

for ten minutes at a time (Tr. 319), at which point she would have to stand up and walk for five to ten minutes (Tr. 320). Not only was this extreme limitation not justified, but, as the Commissioner points out (Doc. 24, p. 8), there were no notes from Dr. Hopkins in the record to support it.

Moreover, the limitation is contradicted by evidence in the record. Thus, the plaintiff's mother stated that "everyday, [the plaintiff] comes over we just sit and talk" (Tr. 138). Also, it was reported during a mental status evaluation that "[w]hile seated [the plaintiff] displayed no restlessness or agitation" (Tr. 248).

There are additional reasons why Dr. Hopkins's opinions are appropriately discounted. Thus, Dr. Hopkins's opinion that the plaintiff's impairments interfere with her attention and concentration is seemingly beyond his expertise. Further, the issue of whether a claimant is disabled, or incapable of performing even low stress jobs, is reserved to the Commissioner under the regulations. 20 C.F.R. 404.1527(d), 416.927(d); <u>Lanier v. Commissioner of Social Security</u>, 252 Fed. Appx. 311, 314 (11th Cir. 2007).

Finally, the law judge's mistake in referring to Dr. Hopkins as a medical doctor brings to mind Abraham Lincoln's classic point that, even

if one calls a horse's tail a leg, the horse will still have only four legs. Similarly, even if Dr. Hopkins is called a medical doctor, he is still simply a chiropractor and his opinions are weighed accordingly.

Attempting to find support for Dr. Hopkins's assessment, the plaintiff points to medical reports of neurological problems, disc desiccation and bulging, and facet arthropathy with edema in the bilateral facets (Doc. 21, p. 16). Thus, she argues that "[t]he record is replete with evidence of significant medical programs with ongoing frequent medical treatment for [her] conditions" (id.). This argument, however, is unpersuasive.

In order to prevail, the plaintiff must show that she had functional limitations from these conditions that were not included in the law judge's determination of the plaintiff's functional capacity. In this respect, "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on her ability to work." Wind v. Barnhart, 133 Fed. Appx. 684, 690 (11th Cir. 2005) (quoting McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986)). In other words, it is the functional limitations that determine disability. Moore v. Barnhart, 405 F.3d 1208, 1213

n. 6 (11th Cir. 2005); McCruter v. Bowen, supra. Here, the plaintiff makes no effort to show how her impairments create a specific functional limitation beyond the law judge's residual functional capacity finding.

For these reasons, the law judge did not err in discounting Dr. Hopkins's opinion.

Finally, the plaintiff takes issue with the law judge's discussion of Dr. Stan Zemankiewicz's treatment records, which included a suggestion that the plaintiff lose weight (Doc. 21, pp. 16-17). The plaintiff seemingly construes the law judge's comment about her failure to lose weight as a determination that the law judge found, in accordance with 20 C.F.R. 404.1530 and 416.930, that the plaintiff should be denied benefits because, if she had followed the prescribed treatment, her ability to work would be restored.

This argument, as the Commissioner correctly responds, misperceives the law judge's decision (Doc. 24, pp. 9-10). The law judge was not denying benefits because of a failure to follow a prescribed treatment that would restore an ability to work. Rather, he denied benefits because, even without the ameliorative step of losing weight, the plaintiff was not disabled.

The law judge's comment about the plaintiff's weight was simply part of his credibility determination. Thus, the law judge thought, reasonably enough, that, if the plaintiff's impairments were as disabling as she said, she would attempt to lose weight in order to improve her condition.

But having mentioned Dr. Zemankiewicz, it is appropriate to point out that Dr. Zemankiewicz's notes do not support the plaintiff's claim of total disability. Thus, in a report from August 2007, Dr. Zemankiewicz, who is a treating physician, assessed the plaintiff with just a six percent permanent partial impairment (Tr. 204). Further, the only functional limitation he set forth was no lifting over fifteen pounds (id.).

The plaintiff's second contention is that the law judge erred by dismissing the plaintiff's complaints of pain and fatigue (Doc. 21, pp. 17-19). This contention is also meritless.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical

evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that, under this test, there is objectively determined medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge properly applied the Eleventh Circuit's pain standard. The law judge recognized the need to articulate a credibility determination, and referred to the pertinent regulations and Social Security rulings (Tr. 16). He also set forth the controlling principles (id.). This demonstrates that the law judge applied the proper standards. See Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

In his credibility determination, the law judge gave a cogent explanation for declining to credit fully the plaintiff's subjective complaints. Significantly, the law judge did not totally discount the plaintiff's subjective

complaints. To the contrary, the law judge concluded that the plaintiff was greatly limited to a range of sedentary work. He simply found that the plaintiff was not completely disabled.

In reaching his conclusion, the law judge specifically considered the plaintiff's allegations of left arm pain and numbness, and back pain (Tr. 17-18). He explained why those problems were limiting to some extent but not to the degree alleged by the plaintiff. In this respect, the law judge said, among other things (Tr. 16-17):

> The undersigned ... notes that the claimant has a history of alcohol and substance abuse, non-compliance with medical treatment and possible drug-seeking behavior as indicated in the progress note dated October 13, 2008 concerning the claimant's high dose of Morphine and Lortab (Exhibit 19F:2, 20F: 1, 4). The undersigned finds that these factors significantly undermine the claimant's credibility....

The law judge also noted that the plaintiff "demonstrated poor cooperation for evaluation of the left upper and left lower extremity," and although she was advised to lose a significant amount of weight, the record contains no evidence that the plaintiff made any effort do so (Tr. 17). With respect to the plaintiff's allegations of back pain, the law judge explained (Tr. 18):

> [T]he undersigned notes that there is indication in the record that the claimant has not complied with physical therapy or her neuropsychology consultation (Exhibit 3F:1). Further, there is no evidence that the claimant underwent an invasive surgery to alleviate her back pain. The undersigned finds that the lack of more aggressive treatment and medication for the claimant's back pain suggests that the claimant's symptoms are not as disabling as she alleged.

In addition, the law judge stated that "[w]ith regards to her activities of daily living, the claimant reported during the mental consultative examination on August 25, 2008 that she is able to perform light household chores, such as cleaning, cooking, washing the dishes and doing the laundry" (Tr. 19).

There is more evidence in the record showing that the plaintiff was not fully credible. Thus, the plaintiff testified that she lies down ninety percent of the day (Tr. 37). The law judge, showing skepticism, asked the plaintiff if she lies down for seven hours during the day (actually it would be seven hours, twelve minutes), and the plaintiff said she did (Tr. 40). When the law judge asked her who took care of her two children (ages twelve and nine), the plaintiff said her mother did by coming over to her house (id.).

As indicated, statements from the mother contradict this testimony. Thus, the mother reported that the plaintiff comes over to her house and they sit and talk.

In addition, the plaintiff's testimony is inconsistent with statements she made on July 30, 2008, in connection with a psychological assessment. Thus, the plaintiff said her mother was currently being treated for cervical cancer, and that she had taken care of her mother for the past several months (Tr. 253).

Under these circumstances, the law judge could reasonably find that, while the plaintiff was limited to a range of sedentary work, her allegations of total disability were not credible.

The plaintiff attempts to undermine the law judge's reasons for discounting her credibility. Thus, the plaintiff asserts that her performance of "everyday activities of short duration (including housework)" do not disqualify her from eligibility for benefits (Doc. 21, p. 18). Contrary to the plaintiff's contention, the plaintiff's activities of daily living are relevant to determining the credibility of her allegations, and, in fact, the regulations state that they are a factor to be considered. See 20 C.F.R. 404.1529(c)(3),

416.929(c)(3); Moore v. Barnhart, supra, 405 F.3d at 1212 (upholding a credibility determination where the law judge "relied on the inconsistencies between [the plaintiff's] descriptions of her diverse daily activities and her claims of infirmity"). Thus, the law judge properly considered the plaintiff's statements to Dr. William G. Kremper that her daily activities include household chores (Tr. 19, 247).

Pointing to her argument regarding Dr. Hopkins, the plaintiff, in a cursory manner, argues that the medical evidence supports her subjective complaints of pain and fatigue (Doc. 21, p. 18). As indicated, the plaintiff has failed to demonstrate how her impairments create a functional limitation beyond the law judge's residual functional capacity finding. Moore v. Barnhart, supra, 405 F.3d at 1213 n. 6; McCruter v. Bowen, supra. This assertion, therefore, is unmeritorious.

The plaintiff also challenges the law judge's statement that "there is an indication in the record that the [plaintiff] has not complied with physical therapy or her neuropsychology consultation" (Tr. 18; Doc. 21, pp. 18-19). The plaintiff argues that the record does not reflect a lack of compliance; rather, the record indicates that the plaintiff was waiting for

-18-

consultations to be ordered by her primary care physician (Doc. 21, p. 19). However, the plaintiff testified that she did not finish physical therapy because it hurt so bad (Tr. 34).

In sum, the law judge's credibility determination is reasonable and adequately explained. The plaintiff has clearly not shown that the evidence compels the contrary finding. Adefemi v. Ashcroft, supra.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE the case.

DONE and ORDERED at Tampa, Florida, this 12th day of September, 2012.

/s/ Thomas G. Wilson
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE